UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFERY C. CLARK                                               CIVIL ACTION

VERSUS

THE STATE OF LOUISIANA, ET AL.                                 NO. 00-0956-JJB-RLB

**O R D E R**

This matter comes before the Court on the plaintiff's Motion to Compel Responses to Discovery (Rec. Doc. 100). This Motion is opposed.

Pursuant to Order dated September 27, 2012 (Rec. Doc. 66), the Court established a deadline for written discovery of January 31, 2013, with an additional caveat that motions to compel relative thereto be filed on or before March 4, 2013. It was anticipated by the parties and the Court that upon the completion of written discovery, depositions would be undertaken in this case. Thereafter, on January 8, 2013, the Court issued an Order granting a Consent Motion to Extend Discovery Deadlines (Rec. Doc. 70), which Order extended the deadline for written discovery to March 18, 2013. There was no provision in the referenced Order for the filing of pertinent motions to compel.

The parties exchanged discovery responses on March 18, 2013, and on or about May 1, 2013, counsel for the plaintiff contacted counsel for the defendants to request a discovery conference, which conference thereafter took place shortly thereafter. The defendants concede, in their response to the instant Motion, that "[d]uring that conference, defendants' counsel

agreed to address plaintiff Clark's concerns .... [and] subsequently sought to diligently address plaintiff Clark's concerns." *See* Rec. Doc. 102 at p. 4. There is no indication that the defendants objected to the timeliness of the plaintiff's request. According to the plaintiff, the parties agreed to reconvene on May 24, 2013, to further discuss discovery issues, and on that date, an email forwarded to the plaintiff's attorney reflects that the parties "touched base about the outstanding issues with respect to paper discovery" and agreed to speak again in two weeks because counsel for the defendants had requested additional time. *See* Rec. Doc. 100-2 at p. 2. Additional emails exchanged between the parties reflect that on June 7, 2013, counsel for the plaintiff requested an update, to which counsel for the defendants responded that inquiries were taking "longer than expected" and that the defendants were not "purposefully delaying." *See id.* at p. 5. In addition, on June 10, 2013, counsel for the defendants again indicated that matters had "taken longer than anticipated," and requested an additional fourteen (14) days. *See id.* at p. 4. Finally, on June 25, 2013, the parties again communicated regarding discovery issues. The email exchanges between the parties reflect that counsel for the defendants agreed to provide supplementation relative to certain prior responses but otherwise indicated that the parties had reached an impasse and would need to pursue any further resolution regarding discovery issues "through appropriate motions to the court." *See id.* at pp. 10-11.

During the same period covered by the foregoing communications between the parties, the defendants filed a Motion for Leave to Take [the Plaintiff's] Deposition (Rec. Doc. 72), and the plaintiff filed a Motion for Contempt and Sanctions pertaining to a different discovery issue (Rec. Doc. 73). Proceedings relative to the latter Motion were finally concluded by Ruling dated August 6, 2013 (Rec. Doc. 97), and while the former Motion was still pending, the plaintiff filed

the instant Motion to Compel Responses to Discovery on October 22, 2013. The plaintiff concedes that the instant Motion is tardy but notes that there are no other deadlines in place and no pending trial date that would cause prejudice to the defendants.

Based on the foregoing, and in the exercise of the Court's discretion, the Court will not penalize the plaintiff by denying the instant Motion as untimely. As noted by the plaintiff, there are currently no other deadlines in place in this case, and there is no pending trial date. Further, inasmuch as the defendants will likely face paper discovery in connection with other litigation arising out of the same events at issue in this case, there is no apparent prejudice that will result to the defendants by addressing the instant discovery Motion. Notwithstanding, in light of the admitted tardiness of the plaintiff's Motion, the Court will deny the request therein for costs and attorneys' fees associated with the Motion.

Turning to a consideration of the issues raised in the instant Motion to Compel, the plaintiff first seeks responses to his Requests for Admissions Nos. 11-15. These Requests relate to whether, and to what extent, the defendants provided assistance to prosecutors in connection with the plaintiff's criminal case arising out of the events at issue herein. The Court agrees with the defendants that these Requests are irrelevant to the claims asserted in this civil litigation. Accordingly, the plaintiff's Motion will be denied in this respect.

The plaintiff next complains regarding the defendants' Response to Interrogatory No. 11, which Interrogatory requested information regarding any and all "legal action[s] taken against LSP" as a result of the events at issue in this case, including information regarding the results of such legal actions, any settlement amounts, and any policy or personnel changes made as a result thereof. The defendants objected to this Interrogatory as calling for information that is

irrelevant, not calculated to lead to the discovery of admissible evidence, subject to attorney-client or work-product privilege, and equally available to the plaintiff as to the defendants. The Court finds this objection to be well-taken. The plaintiff is aware of the litigation commenced before this Court relative to the events occurring at LSP (the Louisiana State Penitentiary) in December, 1999, and it is likely that any other "legal actions" pertaining to the referenced events were commenced and prosecuted in the state district court for the Parish of West Feliciana, State of Louisiana, where LSP and the defendants are located and where the incidents occurred. The requested information regarding "legal actions," therefore, is equally accessible to the plaintiff. Moreover, information regarding amounts paid in settlement to unrelated plaintiffs would appear to be irrelevant to the issues asserted in this litigation. Finally, to a fair degree of certainty, any policy or personnel changes which may have occurred as a result of the events of December, 1999, likely occurred in response to the events themselves and not as a consequence of any so-called "legal actions." The Court further notes that "LSP," as such, is not a juridical entity under Louisiana law against which "legal action" may be taken in the State of Louisiana in any event.

The plaintiff next complains regarding the defendants' Response to Interrogatory No. 12, which requested the location of the personnel files of Charles Ronald Cockerham and David W. Ross, both of whom were employed at the Louisiana State Penitentiary on the night of the events complained of herein. The referenced Interrogatory also requested any and all facts relative to the loss or destruction of the referenced personnel files if unavailable. The defendants responded to this Interrogatory as calling for information which is irrelevant and/or is not reasonably calculated to lead to the discovery of admissible evidence. The defendants further asserted that, subject to the referenced objection, the referenced personnel files were no longer available,

having been destroyed as a result of either Hurricane Katrina or the applicable retention period. Inasmuch as the defendants may not be compelled to produce that which they do not possess, the Court will not compel a further response to the plaintiff's Interrogatory in this regard.[1] Notwithstanding, the Court notes that the defendants' conclusory objection on the grounds of relevancy is entirely inadequate and does not overcome the defendants' burden in objecting to the referenced discovery. *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("Broad-based, non-specific objections ... fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request").

The plaintiff next complains regarding the defendants' Response to Request for Production No. 2(a), pursuant to which the plaintiff requested "[l]ogs of activity inside the Education Building, the disciplinary units where inmates were transferred, the gates to the prison, locations where interrogations took place, and any other relevant locations." The defendants produced certain documentation in response to this Request but objected to the remainder as being overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and as presenting a potential threat to security. The Court rejects the defendants' conclusory assertions in this regard. The defendants acknowledge that they have already produced a substantial quantity of "logs of activity," and their assertion of over-breadth, excessive burden, and potential threat to security relative to the remainder are entirely

---

1. The Court notes that the plaintiff may potentially have other options available for seeking the requested information, as for example, through a Rule 30(b)(6) deposition of the Records Custodian of the Louisiana Department of Public Safety and Corrections, seeking to determine whether the referenced personnel files have in fact been lost or destroyed or whether they may have been "imaged or archived" in accordance with Department Regulation No. A-02-015. *See* Rec. Doc. 102-2 at p. 5.

conclusory and do not meet the defendants' burden in over-coming this discovery request. *See McLeod, Alexander, Powell & Apfell, P.C. v. Quarks*, 894 F.2d 1482, 1485 (5th Cir. 1990) (placing the burden on the party opposing discovery to "show specifically how ... each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive"); *S.E.C. v. Brady*, *supra,* 238 F.R.D. at 437. Pursuant to *Mcleod, supra,* the defendants bear the burden of showing specifically how, despite the broad and liberal construction afforded to the federal discovery rules, each interrogatory or document request is overly broad or not reasonably calculated to lead to the discovery of admissible evidence. *Id.,* 894 F.2d at 1485. Having failed to do so, the Court finds that the defendants should be required to respond to the plaintiff's Request for Production No. 2(a) and to produce those logs responsive to this Request which have not previously been provided.

The plaintiff next complains regarding the defendants' Response to Requests for Production Nos. 3(a) and (b) and 4(a) and (b), pursuant to which the plaintiff requested "[d]ocuments used for the training of corrections officers and/or wardens at LSP" during the year preceding the events at issue, and the "rules, policies, procedures, standards or protocol[s] in effect at LSP" at the time of those events, specifically pertaining to "how corrections officers and/or deputy sheriffs should respond to hostage events, or escape attempts ... [or] inmate fights, altercations, or violence." The defendants objected to these Requests as being vague, ambiguous, irrelevant, overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and as presenting a potential threat to security. Again, the Court finds that the defendants' conclusory assertions of ambiguity, irrelevance, over-breadth and undue burden are non-specific and, as a result, are insufficient to overcome the policy which favors a

liberal disclosure of documentation pertinent to the plaintiff's claims. *See McLeod, supra.*

Further, with regard to the defendants' assertion that production of the referenced documents, more than 13 years after the occurrence of the events complained of, would compromise the security of the institution, this assertion is also conclusory and has not been supported by anything other than speculation or conjecture. Notwithstanding, in light of the possibility that the policies and procedures currently in effect are similar to or identical to those in effect during the relevant time period, and in light of the potential that dissemination within the prison environment of policies and procedures relative to hostage events and escape attempts may negatively impact upon the security of the institution, the Court deems it advisable to allow further briefing relative to this issue. Accordingly, the Court will direct the defendants to address this issue with greater detail and specificity in a supplemental memorandum.[2] The Court

---

2. Whereas the defendants *now* assert, in their opposition to the instant Motion to Compel, that the referenced documents are privileged and confidential pursuant to La. R.S. 44:3, the defendants did not assert such confidentiality in their initial objections to the plaintiff's Requests and, accordingly, this contention has theoretically been waived. *See, e.g., Stevens v. Omega Protein, Inc.*, 2002 WL 1022507 (E.D. La. May 16, 2002). Further, "[w]hen considering a federal claim, federal courts apply federal common law, rather than state law, to determine the existence and scope of a privilege." *Coughlin v. Lee*, 946 F.2d 1152, 1159-60 (5th Cir. 1991). Although federal courts will consider state policies supporting a privilege in weighing the government's interest in confidentiality, the privilege created by the referenced statute appears to be a *qualified* privilege at best and is subject to a balancing test. *Id.* Further, some courts reviewing statutes similar to La. R.S. 44:3 have concluded that these statutes do not create an evidentiary privilege, as such, "but are merely exceptions to the general rule that the public has a right to inspect any public record." *See Darensburg v. Lee*, 2004 WL 1158039, *2 (E.D. La. May 21, 2004). In any event, privileges are strictly construed as being exceptions to the general rule regarding the discoverability of relevant evidence and as being derogations from the search for the truth, and the party opposing production bears the burden of demonstrating the existence and applicability of the privilege. *Id.* As a result, a party opposing production must make a "'substantial threshold showing' that specific harms are likely to result from disclosure." *Id.* (citation omitted). Further, special caution must be exercised in recognizing a privilege in a civil rights case because "application of the federal law of privilege, rather than state law, in civil rights actions is designed to ensure that state and county officials may not exempt themselves from the very laws which guard against their unconstitutional conduct by claiming that state law

further grants leeway to the parties, at least at this juncture, to enter into or reach an accommodation which restricts the dissemination of specific sensitive documentation within the confines of the prison environment.  *See, e.g., Betzer v. Stephens*, 2003 WL 22175993, *6 (E.D. La. Sept. 19, 2003) (ordering the production of rules, regulations and or policies "pursuant to a confidentiality agreement").

The plaintiff next complains regarding the defendants' Response to Request for Production No. 8, pursuant to which the plaintiff requested the "personnel files for all Staff present during the Incident and alleged Escape Attempt," including documentation regarding grievances, complaints, accusations, disciplinary charges, awards, honors, decorations or accommodations pertinent to each staff member.   The defendants objected to this Request as being vague, ambiguous, irrelevant, overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.  With regard to this Request, the Court finds that the defendants' assertion of over-breadth is well-taken to the extent that it includes a request for the personnel files of *all* LSP staff present during the referenced incident.  Notwithstanding this limitation, the Court finds that the plaintiff's request for the personnel files of the named defendants in this proceeding is warranted and should be subject to production.  Specifically, there is nothing to support the defendants' conclusory assertion that such documentation is irrelevant or is not reasonably calculated to lead to the discovery of admissible evidence, and there is no showing that production of such documentation would be overly burdensome.

---

requires all evidence of their alleged wrongdoing to remain confidential."  *Id.  See also Zantiz v. Seal*, 2013 WL 2459269, *5 (E.D. La. June 6, 2013) (citation omitted) (ordering the production, *inter alia,* of "conduct and training manuals and written policy statements ... insofar as they relate to use of force against inmates").

Further, although the defendants *now* assert that the referenced documents are confidential and/or that production thereof could compromise the security of the prison, the defendants did not assert such confidentiality or potential threat in their initial objections to the plaintiff's Request and, accordingly, these contentions are deemed to have been waived and, in any event, are rejected. *See Betzer v. Stephens, supra*, 2003 WL 22175993 at *4 (ordering the production of the personnel files of named defendants but denying production of the files of non-defendants). The Court notes, however, that the defendants are permitted to redact from the referenced personnel files any sensitive personal information.

The plaintiff next complains regarding the defendants' Response to Request for Production No. 11, pursuant to which the plaintiff requested "the locations of [the plaintiff], Robert Carley, Joel Durham, David Mathis, or David Brown were housed from 1/1/1990-1/1/2010 ... including the cell and/or bed number tier, building, camp, and classification." Whereas the defendants have produced the Master Prison Record of the plaintiff, they objected to this Request relative to the other named inmates as being overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. The Court finds this objection to be well-taken inasmuch as, on its face, the referenced Request is over-broad to the extent that it seeks irrelevant information regarding the locations of inmates who are not parties to this proceeding and covering a 10-year period preceding the date of the events in question. Accordingly, the Court will not compel any further response to this Request.

The plaintiff next complains regarding the defendants' Response to Request for Production No. 12, pursuant to which the plaintiff requested "all complaints from inmates or others filed against the Tactical Team that was used to restore order to the Education Building

following the alleged Escape Attempt." The defendants objected to this Request as being vague, ambiguous, irrelevant, overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Initially, to the extent that the plaintiff's reference to "all complaints" may be interpreted as including legal complaints filed by inmates in state or federal court, the Court will not compel a response to this request for the reasons stated above relative to the plaintiff's Interrogatory No. 11 – because the requested information is equally available to the plaintiff. Notwithstanding, the request for documentation regarding other complaints and grievances made by inmates and others which arise out of the events complained of by the plaintiff herein are clearly relevant to the issues under consideration and/or may reasonably lead to the discovery of admissible evidence, and so should be produced. The defendants' assertion of over-breadth and undue burden are conclusory and are not supported by any factual representations, *see McLeod, supra,* and the Court notes that much, if not all, of the requested documentation regarding other complaints and grievances by inmates has likely been previously compiled in connection with other litigation arising out of the events in question. Finally, although the defendants *now* assert that the referenced documentation is confidential under Louisiana law, the defendants did not assert such privilege or confidentiality in their initial objections to the plaintiff's Request and, accordingly, this contention has been waived. The defendants may, however, redact from the referenced documentation sensitive personal information which is not appropriate for public disclosure.

The plaintiff next complains regarding the defendants' Response to Request for Production No. 15, pursuant to which the plaintiff requested "a list of which inmates had hobby craft lockers located in the Education Building from 6/1/1999-12/30/1999 and the locations of

their lockers." The defendants objected to this Request on the basis of relevance and also asserted that they had "no such document." Inasmuch as the defendants may not be compelled to produce that which they do not possess, the Court will not compel a response to the plaintiff's Request in this regard.

Finally, the plaintiff complains regarding the defendants' Response to Request for Production No. 19,[3] pursuant to which the plaintiff requested any and "all documents related or equipment used, signed out, or deployed at LSP from 12/28/1999-12/30/1999 for all staff or law enforcement." The defendants objected to this Request as being vague, ambiguous, irrelevant, overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and as presenting a potential threat to security. In this regard, the Court agrees with the defendants' assertion that, to the extent the Request relates to equipment used, signed out or deployed by LSP staff or law enforcement other than the defendants, the Request is over-broad on its face. Otherwise, the Court finds that the defendants' objection as to irrelevance, over-breadth, undue burden and threat to security is conclusory and does not overcome the burden to provide the requested information. Accordingly, the Court will direct the defendants to respond to this Request to the extent that it relates to the named defendants in this proceeding.

Based upon the foregoing,

**IT IS ORDERED** that the plaintiff's Motion to Compel Discovery (Rec. Doc. 100), be and it is hereby **GRANTED IN PART**, such that, within thirty (30) days of the date of this Order, the defendants shall more fully respond to the plaintiff's Requests for Production Nos.

---

3. Although the plaintiff initially complained regarding the defendants' Responses to Requests for Production Nos. 13, 14 and 16, the plaintiff has now indicated that he "is satisfied" with the defendants' Responses to these Requests.

2(a), 8, 12 and 19 as outlined above.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, the defendants shall file a supplemental memorandum addressing the alleged potential threat to security presented by the production of documentation requested in the plaintiff's Requests for Production Nos. 3(a) and (b) and 4(a) and (b).

**IT IS FURTHER ORDERED** that the plaintiff's request for costs and attorneys' fees associated with the instant Motion be and it is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on August 8, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**