UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEFFERY CLARK, ET AL.** | : CIVIL ACTION NO: 00-956 |
| **VERSUS** | : DISTRICT JUDGE: JJB |
| **THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY, ET AL.** | : MAGISTRATE: RLB |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ENTRY UPON LAND**

**MAY IT PLEASE THE COURT:**

The circumstances surrounding Plaintiff Clark's beatings at Louisiana State Penitentiary are integral to this action. In order to give an opinion on the injuries to Mr. Clark, it is critical that Plaintiff's expert, Dr. LeRoy Riddick, a pathologist, be able to review the premises where the beatings occurred. Mr. Clark's Request for Entry Upon Land includes inspection of all the buildings delineated in the Complaint, and was amended in a subsequent email to also include inspection of the riot batons. Defendants have opposed inspection of all but one building, based solely on an objection to relevancy. Mr. Clark respectfully moves this Court for entry of an order compelling Defendants to permit Dr. Riddick, accompanied by Mr. Clark, to enter the relevant premises for inspection and other purposes as delineated in the Request.

1. **FACTUAL AND PROCEDURAL BACKGROUND**

This is a civil rights action against the Defendants for excessive use of force. The Complaint alleges beatings that occurred at several locations around the Louisiana State Penitentiary. (00-940 Rec. Doc. 14 & 27).[1] Defendants have indicated two defenses that they

---

[1] *See* 00-940 Rec. Doc. 39 for the Court's order amending the Complaint in 00-956.

plan to use to dispute Plaintiff's extensive injuries. First, as this Court noted, in their request to take Plaintiff's deposition, Defendants indicated that "the uprising involved violent conduct that, the defendants contend, may have been the cause of any injuries sustained by the plaintiff." (Rec. Doc. 125, p.3). Defendants have also indicated several times, and most recently in Plaintiff's deposition, that they intend to argue that Plaintiff self-inflicted his injuries. Ex. 1 (Clark Deposition, Page 106).

Plaintiff has retained a pathology expert, Dr. LeRoy Riddick. Dr. Riddick will evaluate the potential sources of Plaintiff's injuries. On April 17, 2015, Plaintiff served an Entry Upon Land on Defendants. Ex. 2 (Plaintiff's Request For Entry Upon Land). It requested an Entry on May 29, 2015:

> ***Premises to be Inspected:***
> a. *All inside and outside of the buildings delineated in the complaint, including:*
>    1. *The Education Building at Camp D*
>    2. *The Sallyport at Camp D*
>    3. *Cells at Camp J where Mr. Clark was held after the incident of December 28, 1999.*
>    4. *Administrative or RC Building where any questioning or interrogations of Mr. Clark took place.*
>    5. *The paths or roads between the various buildings.*
> b. *Plaintiff further requests that he accompany Dr. Riddick in the tour in order to show him the location of the alleged activity.*
>
> ***Requested Activities to be Performed on Premises, Include, but are not Limited to:***
> a. *Inspection, observation, and documentation with photographs and videotape of the premises and the facilities*

On April 30, 2015, Defendants followed up by email with the following questions:

> Also, can you please explain the basis for the request for entry upon land? For instance, what type of measurements does Dr. Riddick wish to take and what type of tools does he intend to use? Also, what's the basis for an inspection of the roads between various buildings at Angola, or the taking any measurements at all? Quite frankly, we do not see the relevance of your request.

Ex. 3 (April 30, 2015 Email from Falgoust). On May 6, 2015, Plaintiff responded with the following:

> The purpose of the Entry Upon Land is to identify the locations the injuries were inflicted and to defend against allegations that the injuries were self-inflicted. Mr. Clarks beatings occurred at various places around the prison including between buildings. Dr. Riddick will likely be taking length measurements, and photographs. To the extent you stipulate that Mr. Clark's injuries were not self-inflicted, we would consent to waive our right to entry. To the extent you assert that Mr. Clark's injuries were self-inflicted, it is necessary for Plaintiff's expert to have access to the various locations Mr. Clark occupied following the incident in order to refute those claims. As any defense witness or expert would have access to these locations, we find it necessary to have that access as well. Please advise.

Ex. 4 (May 6, 2015 Email from Montagnes). On May 12, 2015, Plaintiff followed up via email about the status of the request and asked to push the date back as a result of a family medical issue involving Plaintiff's expert. Ex. 5 (May 12, 2015 Email from Montagnes). On May 21, 2015 and May 28, 2015, Plaintiff followed up again on the status of the request. Ex. 6 (May 21, 2015 Email from Montagnes) & Ex. 7 (May 28, 2015 Email from Montagnes 1). On May 28, 2015, Defendants responded to Plaintiff's request by stating "Ryan has already responded to your request for entry. You have not articulated a legitimate basis for entry." Ex. 8 (May 28, 2015 Email from Davis). Plaintiff then followed up that same day to say "In my email of May 6, 2015, I responded to Ryan's questions regarding the entry upon land. I await a formal response to our discovery request so that we may properly take it before the court." Ex. 9 (May 28, 2015 Email from Montagnes 2).

On June 2, 2013, Defendants called regarding the Entry Upon Land while Plaintiff's counsel was on the road to attend Plaintiff's deposition. Attempts to get in touch were not returned until an email on June 5, 2015, which read:

> Mercedes- Just tried to call you back. I'm on the road about to step into a meeting. Regarding your request for entry upon land, we agree to allow your expert to inspect the cell at camp J where Jeffrey was housed after the incident, only. We object to the rest of

> your request as being overly broad and irrelevant. We also object to your request that Jeffrey Clark accompany your expert during the inspection. I will try to send you a formal response today sometime. I will try to send you a formal response today sometime. If not, it will Monday.

Ex. 10 (June 5, 2015 Email from Falgoust). On June 5, 2015, Plaintiff responded that this reply was not sufficient and further indicated a desire to inspect examples of the riot batons used during the incident. Ex. 11 (June 5, 2015 Email from Montagnes). On June 9, 2015, Defendants sent an email, which stated, "Regarding the entry upon land, Mike and I have, on multiple occasions in writing, articulated our position on that. I have attached a response to this email." and attached a response. Ex. 12 (June 9, 2015 Email from Falgoust) & Ex. 13 (Defendants' Response to Plaintiff's Request For Entry Upon Land). The only objection to entry was based on relevancy. On July 1, 2015, Plaintiff contacted Defendants to meet and confer regarding the Entry Upon Land. Ex. 14 (July 1, 2015 Email from Montagnes). On July 2, 2015, Plaintiff followed up on this email to meet and confer to all three attorneys enrolled in this matter. Ex.15 (July 2, 2015 Email from Montagnes). As of the filing of this Motion, Defendants have not responded. Pursuant to the Rules, Plaintiff certifies that he has attempted, in good faith, to resolve this discovery dispute without the Court's intervention.

## 2. DISCUSSION

### a. *Plaintiff's Request is Relevant to this Litigation*

The request by Plaintiff is relevant and falls well within the scope of discovery. When reviewing a Motion to Compel Entry Upon Land, courts must consider that "[t]he rules governing discovery are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials." *Wilkerson v. Stalder*, No. 00-304-JJB-RLB, 2015 U.S. Dist. LEXIS 61698, at *9 (M.D. La. May 11, 2015) (finding that discovery rules are

deliberately broad); *In re* Leblanc, 559 Fed. Appx. 389, 392 (5th Cir. 2014) (same); *EEOC v. Vicksburg Healthcare, LLC*, No. 3:13-cv-895-KS-MTP, 2015 U.S. Dist. LEXIS 52812, at *8 (S.D. Miss. Apr. 22, 2015) (same). Under Rule 34(a)(2) of the Federal Rules of Civil Procedure, parties may be permitted "entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). Additionally, "[w]hen important civil rights are in issue in complex litigation of widespread concern, a court must make every effort to enhance the fact-finding process available to counsel for both sides." *Morales v. Turman*, 59 F.R.D. 157, 159 (E.D. Tex. 1972).

In deciding whether to grant a Motion to Compel Entry Upon Land, "the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection." *Vicksburg Healthcare, LLC*, 2015 U.S. Dist. LEXIS 52812, at *9 (citations omitted) ; *see also Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978); *Young v. State Farm Fire & Cas. Co.*, No. 06-9871, 2007 U.S. Dist. LEXIS 53894, at *5 (E.D. La. July 25, 2007); *Banks v. Interplast Grp., Ltd.*, No. V-02-92, 2003 U.S. Dist. LEXIS 26916, at *2 (S.D. Tex. Apr. 16, 2003).

Courts consider whether the request is relevant to the present litigation, whether the request is sufficiently specific, whether the request is reasonable, and whether the movant would be able to obtain the information sought through other means of discovery. *See, e.g.*, *Banks*, 2003 U.S. Dist. LEXIS 16916, at *3 (finding that the photographs plaintiff sought to take during inspection of his former workplace were relevant, limited to a particular purpose, and valuable to the presentation of evidence); *Morales*, 59 F.R.D. at 158 (finding that defendants' objections about dangers and disruption were refuted); *United States v. Nat'l Steel Corp.*, 26 F.R.D. 603,

607 (S.D. Tex. 1960) (finding that plaintiff's need for the information sought by inspecting manufacturing plants was relevant, unobtainable by other discovery methods, and outweighed defendants' interest in preserving "trade secrets").

Here, Plaintiff's Request for Entry Upon Land meets all the criteria Courts examine. Inspection of the premises where the abuse occurred is directly *relevant* to the central dispute in the case (i.e. the source of Plaintiff's injuries) and will assist in the preparation of the case for trial. The request is *specific* since it is limited to only five precise locations at the prison where the beatings took place, thereby identifying the areas to be inspected with the requisite "degree of particularity." *Belcher*, 588 F.2d at 911. The request is *reasonable* since it goes to the central factual disoute of the case. Furthermore, the *necessary* examination of the conditions surrounding the beatings "can be made more readily via inspection" than through some other method of discovery. *Nat'l Steel Corp.*, 26 F.R.D. at 606.

As Plaintiff has made clear, this inspection is to refute arguments advanced by Defendants regarding the source of Mr. Clark's injuries. Defendants' argument regarding relevance is both puzzling and unsupported.

### b. *Defendants are Precluded from Raising Other Objections*

Defendants have advanced no other argument in support of their position, and as such waive any objections not included in their formal discovery response. *Henderson v. Turner*, No. 11-0039 Section C(4), 2012 U.S. Dist. LEXIS 158047, at *6, n.4 (M.D. La. June 12, 2012) ("Although Defendants attempt in their written submission to the Court to object to the Hendersons' request on the basis that request is overly broad and unduly burdensome, and that the personnel files contain private and/or personal information, these objections were not stated in Defendants' formal objections to the actual request. Therefore, the Court will not consider

these objections."); *Jackson v. Wilson Welding Serv.*, No. 10-2843 Section S(4), 2011 U.S. Dist. LEXIS 124921, at *14 (E.D. La. Oct. 26, 2011) (same).

## 3.  CONCLUSION

Plaintiff respectfully requests this Court to compel its Request for Entry Upon Land. Plaintiff also requests a reasonable award of attorney's fees for the cost of this motion.

Respectfully Submitted,

**/s/ G. Ben Cohen**
**G. Ben Cohen, La. Bar No. 25370**
**LEAD COUNSEL**
**Blythe Taplin, La. Bar No. 32715**
**Mercedes Montagnes, La. Bar No. 33287**
636 Baronne Street
New Orleans, LA
Tel:     (504) 529-5955
Fax:    (504) 558-0378
Email: bcohen@thejusticecenter.org