UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFERY CLARK | CIVIL ACTION |
| VERSUS | |
| STATE OF LOUISIANA, ET AL. | No: 00-0956-JJB-RLB |

**OPPOSITION TO MOTION TO COMPEL ENTRY UPON LAND**

Defendants hereby oppose the Motion to Compel Entry Upon Land filed by Plaintiff, Jeffrey Clark.  Doc. 133.

**I.**

**Introduction**

Fifteen years after the incidents giving rise to this suit, Plaintiff Clark has requested that his expert pathologist[1] be allowed to inspect the locations where his alleged beatings and injuries occurred. Plaintiff Clark's purpose for the inspection is two-fold: (1) to identify the locations where the alleged injuries were inflicted; and (2) to defend against allegations that the injuries were self-inflicted. At his deposition, Plaintiff Clark testified regarding locations where he was allegedly injured, persons who allegedly injured him, and the means used to allegedly injure him. However, Defendants contend that Plaintiff Clark injured himself during a struggle with Captain David Knapps and through self-mutilation in a cell at Angola's Camp J. Defendants have agreed to allow an inspection of that cell. After fifteen years, an inspection of the other premises at Angola which Plaintiff Clark requested will not likely lead to the discovery of admissible

---

[1] A pathologist studies body tissues in an attempt to make a diagnosis about a person's health or any medical problems.

1

evidence. As such, Plaintiff Clark's Motion to Compel Entry Upon Land should be denied.

## II.

## Background

**A.     Plaintiff Clark's Request for Entry Upon Land**

This action arises out of alleged civil rights violations as a result of a prison uprising at Louisiana State Penitentiary at Angola ("Angola") on December 28, 1999, involving an escape attempt, hostage situation, and brutal murder of a correctional officer at Louisiana State Penitentiary at Angola. Plaintiff Clark has twice been convicted of murder, including the murder of Captain David Knapps which occurred during the 1999 escape attempt. Nonetheless, Plaintiff Clark sued Defendants in the instant action on December 20, 2000, pursuant to 42 U.S.C. § 1983, alleging that he was beaten at various locations in Angola during the days following the incident.

More recently, on April 17, 2015, Plaintiff Clark served a Request for Entry Upon Land for Inspection pursuant to Rule 34 of the Federal Rules of Civil Procedure upon Defendants. Plaintiff Clark requested that his named expert pathologist, Dr. LeRoy Riddick, be allowed entry at Angola with measurement tools for inspection in order to inspect the following:

**Premises to be Inspected:**

a. All inside and outside of the buildings delineated in the complaint, including:

    1. The Education Building at Camp D
    2. The Sallyport at Camp D
    3. Cells at Camp J where Mr. Clark was held after the incident of December 28, 1999.
    4. Administrative or RC Building where any questioning or interrogations of Mr. Clark took place.

>    5. The paths or roads between the various buildings.
>
> b. Plaintiff further requests that he accompany Dr. Riddick in the tour in order to show him the location of the alleged activity.
>
> **Requested Activities to be Performed on Premises, Include, but are not Limited to:**
>
> a. Inspection, observation, and documentation with photographs and videotape of the premises and the facilities.

R. Doc. 133-3.

On April 30, 2015, counsel for Defendants responded to the request by asking Plaintiff Clark's counsel to articulate a basis for the entry upon land and objecting to the request based on relevance. R. Doc. 133-4. In a response email on May 6, 2015, Plaintiff Clark's counsel stated that the "purpose of the Entry Upon Land is to identify the locations the injuries were inflicted and to defend against allegations that the injuries were self-inflicted." R. Doc. 133-5 at 2. After consideration, counsel for Defendants agreed to allow Dr. Riddick to inspect the cell at Camp J where Plaintiff Clark was held after the December 28, 1999, incident, but stood on the relevance objections asserted as to the other premises listed in Plaintiff Clark's Request for Entry Upon Land. R. Doc. 133-12 at 1; *See also* R. Doc. 133-14. The instant Motion followed.

### B. Plaintiff Clark's Deposition

Plaintiff Clark was deposed on June 3, 2015. Plaintiff Clark identified the sources of and locations where his alleged injuries occurred, which included the locations listed in his Request for Entry Upon Land.

### 1. The Education Building and Sallyport at Camp D

Plaintiff Clark testified that he was struck once while sitting on the Falcon Walk near the Education Building after exiting the building, struck once while in the

3

Education Building after prison officials had secured the building, and beaten to and from the Sally port at Camp D to the Education Building. *See* Excerpts of Deposition of Jeffery Clark, attached hereto as Exhibit A, pp. 25-27, 34-40. Plaintiff Clark identified how he was allegedly beaten and identified who allegedly beat him in and around the Education Building. *Id.* Defendants have made no allegations that Plaintiff Clark inflicted injuries upon himself while at Camp D.

### 2. The Paths or Roads Between the Various Buildings

Plaintiff Clark also testified that he was beaten in a van while being transported from Camp J to the RC/Administration Building for questioning. *Id.* at 45-48. Plaintiff Clark also identified how he was allegedly beaten and who allegedly beat him while in the van on the way to the Administrative Building. *Id.* Defendants have made no allegations that Plaintiff Clark injured himself while riding in the van from Camp J to the Administrative Building.

### 3. Administrative or RC Building

Plaintiff Clark's Amended Complaint and his deposition testimony are completely absent of any allegations that he was beaten or suffered any injuries at the Administrative/RC Building at Angola. Defendants have made no allegations that Plaintiff Clark injured himself while in the Administrative Building.

**III.**

**Law and Argument**

**A.   Discovery Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides the scope of discovery, states that a party may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Rule 26(b)(1) further provides

4

that the information sought is discoverable, but only if it is reasonably calculated to lead to the discovery of admissible evidence. "Control of discovery is committed to the sound discretion of the trial court, and the [Fifth Circuit] will not reverse its discovery rulings unless [it] finds they are arbitrary or clearly unreasonable." *Mayo v. Tri-Bell Indus.,* 787 F.2d 1007, 1012 (5th Cir. 1986). The Fifth Circuit affords the district court wide discretion in determining the appropriate scope of discovery. *Quintero v. Klaveness Ship Lines,* 914 F.2d 717, 724 (5th Cir. 1990).

The proposition that doubts should be resolved in favor of discovery because of the historic liberal policy favoring its broad scope is now limited. The Advisory Committee Notes for the 2000 Amendments to Rule 26(b)(1) state that:

> The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings. . . . When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action.

Moreover, even though discovery has historically been accorded a broad and liberal treatment, "discovery does have ultimate and necessary boundaries." *Sal Ciolino & Assoc. v. First Extended Services*, 2006 WL 1581248 (E.D. La. 2006) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 153, 177 (1979).

A party may serve on any other party a request within the scope of Rule 26(b) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it. Fed. R. Civ. Proc. 34(a)(2). The request must describe with reasonable particularity each

place to be inspected and must specify a reasonable time, place, and manner for the inspection. Fed. R. Civ. Proc. 34(b)(1).

Neither Rule 34 nor Rule 26 permits blanket discovery upon "bare skeletal request" in the face of an objection. *Barnhardt v. Meridian Municipal Separate School Dist.*, No. 4:65-cv-1300, 2012 WL 1067105, at *3 (S.D. Miss. Mar. 28, 2012) (citing *Belcher v. Bassett Furniture Industries, Inc.*, 588 F.2d 904, 908 (4th Cir. 1978)). On motion or on its own, the court must limit discovery otherwise allowed by the Federal Rules of Civil Procedure when the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. *Id.*; *See also* Fed. R. Civ. Proc. 26(b)(2)(C)(i). The court must also limit the extent of discovery when the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. Fed. R. Civ. Proc. 26(b)(2)(C)(ii).

**B.  Plaintiff's Motion Should Be Denied**

Plaintiff Clark has not articulated a legitimate basis for his request for entry upon land. In fact, the information which would satisfy Plaintiff Clark's purpose for requesting the entry upon land has already been revealed.

The locations of Plaintiff Clark's alleged beatings have already been identified in his deposition. Plaintiff Clark has also identified who took part in the alleged beatings and how those alleged beatings were inflicted upon him. Moreover, Plaintiff Clark requested and received medical treatment for his alleged injuries and his medical records from the time of the incident are available to Plaintiff Clark and Dr. Riddick.

Furthermore, Plaintiff Clark's counsel has presented numerous photographs taken inside the Education Building in the hours after the incident at the depositions of

Defendants and witnesses. Photographs taken shortly after the incident surely have more probative value than photographs to be taken almost fifteen years after the incident where Plaintiff Clark allegedly suffered injuries.

  Moreover, there is no need for Dr. Riddick to inspect and measure the roads between buildings at Angola. Plaintiff Clark alleged he was beaten inside a van while being transported from Camp J to the Administrative Building at Angola. How could an inspection and measurement of the road between Camp J and the Administrative Building reveal any information related to what took place inside the van? Plaintiff Clark did not identify the road as a potential source of his injuries. And there has been no evidence or allegations which suggest that Plaintiff Clark was injured in a motor vehicle accident while being transported from Camp J to the Administrative Building. Also, there is nothing to suggest that Plaintiff Clark suffered any beatings or injuries in the Administrative Building. Therefore any inspection of that building is clearly irrelevant.

  Defendants contend that Plaintiff Clark's injuries either occurred as a result of Plaintiff Clark's involvement in the attack and murder of Captain Knapps, or were self-inflicted by Plaintiff Clark while he was held at Camp J after the incident. Defendants have agreed to allow Dr. Riddick to inspect the cell at Camp J where Plaintiff Clark was housed. But how can the inspection of the Education Building at Camp D provide relevant information with regard to any injuries Plaintiff Clark may have sustained in a struggle with Captain Knapps fifteen years ago? Today, there will be no evidence of blood splatter, finger prints, shoe prints, weapons, etc., in the Education Building with regard to that struggle. In fact, that evidence was captured in the moments following the incident and is likely in Plaintiff Clark's criminal case file. Plaintiff Clark undoubtedly

7

has access to his criminal file considering his attorneys in this case are assisting in his criminal appeal. *See* Exhibit A, p. 12.

The purpose for which Plaintiff Clark seeks a request for entry upon land has already been satisfied. Plaintiff Clark has sufficient information to provide Dr. Riddick so that Dr. Riddick will be able to formulate an opinion as to the locations and sources of Plaintiff Clark's alleged injuries. Plaintiff Clark's Request for Entry Upon Land should be limited because it is unreasonably duplicative. Furthermore, the information which the request seeks has already been or can be obtained from other less burdensome, less expensive sources.

**C.     Plaintiff Clark Should Not Be Allowed to Accompany His Expert**

Plaintiff Clark has also requested that he be allowed to accompany Dr. Riddick during the inspection so that he can show him the location of the alleged activity. However, Plaintiff Clark has already identified the locations of his alleged beatings in the Amended Complaint and at his deposition. Moreover, transporting a death row inmate throughout Angola is burdensome to prison officials and could create security risks. Simply put, there is no need for Plaintiff Clark to attend Dr. Riddick's inspection.

**IV.**

**Conclusion**

Based on the foregoing, Plaintiff Clark's Motion to Compel Entry Upon Land should be denied.  In addition, pursuant to Fed. R. Civ. P. 37(a)(5)(B), the Court should issue a protective order pursuant to Fed. R. Civ. P. 26(c) and award Defendants reasonable expenses and attorney's fees incurred in opposing Plaintiff Clark's Motion, which was not substantially justified based on the clearly irrelevant nature of his request.

Respectfully submitted,

JAMES D. CALDWELL
ATTORNEY GENERAL
STATE OF LOUISIANA

s/ L.J. Hymel_____
L. J. Hymel (LBN 7137)
Michael Reese Davis (LBN 17529)
Tim P. Hartdegen (LBN 27496)
Ryan M. Falgoust (LBN 33823)
SPECIAL ASSISTANT ATTY. GENERAL
HYMEL DAVIS & PETERSEN, L.L.C.
10602 Coursey Blvd.
Baton Rouge, Louisiana 70816
Phone: (225) 298-8118
Fax:  (225) 298-8119

**Counsel for Defendants**

### CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2015, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will also be sent to all counsel of record via the court's CM/ECF system.

         s/ L.J. Hymel         
              L.J. Hymel