UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFREY C. CLARK                                             CIVIL ACTION

VERSUS                                                       NO. 00-956-JJB-RLB

STATE OF LOUISIANA, ET AL.

**ORDER**

Before the court is Plaintiff's Motion to Stay Motion to Compel Entry Upon Land (R. Doc. 146) and Plaintiff's Motion to Compel Entry Upon Land (R. Doc. 133). The foregoing motions, as well as other discovery motions pending before the court not resolved by this Order,[1] raise issues with regard to the court's current scheduling order (R. Doc. 125). Accordingly, the court will briefly discuss the current deadlines and will require the parties to participate in a status conference for the purpose of modifying the current deadlines.

On September 27, 2012, the court issued a scheduling order bifurcating discovery between written discovery and depositions. (R. Docs. 66, 67). The deadline to complete written discovery, including the filing of related motions, March 4, 2013, has expired and has not been extended by the court. (R. Doc. 66; *see* R. Doc. 113). In the most recent modification of the scheduling order, the court ordered that "discovery by way of depositions in this case" must be completed by July 15, 2015 and dispositive motions must be filed by September 13, 2015. (R. Doc. 125). The court has not provided deadlines for identifying experts, providing expert reports, and completing expert discovery.

---

[1] The parties have filed cross-motions concerning the scope of questioning allowed at depositions that have, as of the date of this Order, already occurred. (R. Docs. 134, 135, and 140). Resolution of those motions may require the parties to reconvene certain depositions.

On April 17, 2015, Plaintiff identified Dr. LeRoy Riddick as an expert. (R. Doc. 146-3).[2] That same day, Plaintiff served on Defendant, pursuant to Rule 34 of the Federal Rules of Civil Procedure, his Request for Entry Upon Land for Inspection. (R. Doc. 133-3). Plaintiff requested that his expert, Dr. Riddick, be allowed entry into certain locations of the Louisiana State Penitentiary, including the following buildings and areas:

1. The Education Building at Camp D

2. The Sallyport at Camp D

3. Cells at Camp J where Mr. Clark was held after the incident of December 28, 1999.

4. Administrative or RC Building where any questioning or interrogations of Mr. Clark took place.

5. The paths or roads between the various buildings.

(R. Doc. 133-3 at 1). Plaintiff further requested that Dr. Riddick be allowed to inspect, observe, and document the foregoing areas "with photographs and videotape" and that Plaintiff be allowed to accompany Dr. Riddick. (R. Doc. 133-3 at 1-2).

On April 30, 2015, defense counsel responded by asking Plaintiff's counsel, among other things, to identify Dr. Riddick's area of expertise and the types of measurements and tools he intended to use, and to provide further explanation on the basis and relevancy of the request. (R. Doc. 133-4). On May 6, 2015, Plaintiff's counsel identified Dr. Riddick as an expert in pathology and provided the following:

> The purpose of the Entry Upon Land is to identify the locations the injuries were inflicted and to defend against allegations that the injuries were self-inflicted. Mr. Clarks (sic) beatings occurred at various places around the prison including between buildings. Dr. Riddick will likely be taking length measurements, and photographs. To the extent you stipulate that Mr. Clark's injuries were not self-inflicted, we would consent to waive our right to entry. To the extent you assert

---

[2] Plaintiff represents that Defendants disclosed three expert witnesses on July 9, 2015. (R. Doc. 146-1 at 1).

> that Mr. Clark's injuries were self-inflicted, it is necessary for Plaintiff's expert to
> have access to the various locations Mr. Clark occupied following the incident in
> order to refute those claims. As any defense witness or expert would have access
> to these locations, we find it necessary to have that access as well. Please advise.

(R. Doc. 133-5 at 1-2). Following additional discussions, on June 5, 2015, Defendants agreed to allow Dr. Riddick to inspect the cell at Camp J where Plaintiff was initially housed (and where Defendants claim Plaintiff self-mutilated himself after the incident of December 28, 1999) but otherwise objected to the request as overly broad and irrelevant, and also objected to allowing Plaintiff accompany Dr. Riddick during the inspection. (R. Doc. 133-11 at 1).

On July 7, 2015, finding Defendants' responses insufficient, Plaintiff filed his Motion to Compel Entry Upon Land. (R. Doc. 133). Plaintiff argues that Defendants waived all objections to his request with the exception of relevancy. (R. Doc. 133-1 at 6-7). The only argument raised by Plaintiff with regard to relevancy, however, is that "[i]nspection of the premises where the abuse occurred is directly *relevant* to the central dispute in the case (i.e. the source of Plaintiff's injuries) and will assist in the preparation of the case for trial." (R. Doc. 133-1 at 6).

On July 28, 2015, Defendants filed their Opposition to Plaintiff's motion to compel. (R. Doc. 144). In opposition, Defendants question the relevancy of the requested inspection of the Education Building and Sallyport at Camp D because the alleged beatings at those locations occurred over 15 years ago, and there would be no physical evidence remaining at those areas. (R. Doc. 144 at 3-4). Defendants also question the relevancy of inspecting and measuring the roads between buildings or the Administrative Building, as there are no allegations of beatings or injuries at those areas. (R. Doc. 144 at 7). Defendants further argue that the requests are unreasonably duplicative as Plaintiff has access to his criminal file and Plaintiff is in possession of photographs of the Education Building within hours after the incident. (R. Doc. 144 at 7-8).

Finally, Defendants argue that Plaintiff should not be allowed to accompany Dr. Riddick because the security risk would create an undue burden on Defendants. (R. Doc. 144 at 8).

On July 30, 2015, two days after Defendant's filed their Opposition, Plaintiff sought to stay the motion to compel on the basis that his expert, Dr. Riddick, can no longer serve as an expert witness in this case in light of his failing health. (R. Doc. 146-1 at 1). Plaintiff seeks a stay of the motion to compel "until he has been able to retain a replacement expert and consult with that replacement." (R. Doc. 146-1 at 1). When asked whether Defendants would consent to such a stay, defense counsel responded that "[a]t this point it does not seem that Plaintiff has an expert pathologist" and, "[t]herefore, we request that you withdraw the motion to compel entry upon land because there is no basis for it." (R. Doc. 146-2 at 1).

Based on the briefing before it, the court questions the relevancy of any inspection at the Louisiana State Penitentiary with the exception of the cells at Camp J. The court further questions the need for Plaintiff to accompany his expert at any location within the Louisiana State Penitentiary.

Although the information sought is factually based, Plaintiff's request for entry is clearly premised on the availability of Dr. Riddick as an expert in pathology. Dr. Riddick is no longer available to Plaintiff as an expert witness, however, and can provide no foundation for the relevancy of the requested inspection. Staying the motion to compel is pointless because whatever relevancy Dr. Riddick could identify on behalf of Plaintiff for inspection of areas other than the cells at Camp J, he is no longer available to conduct such an inspection.

The court will, therefore, deny both of Plaintiff's motions. The court will grant Plaintiff leave to refile his motion, if necessary, should a newly identified expert find such an inspection necessary to conduct such an inspection.

Furthermore, given that the court has not previously provided deadlines for expert disclosures and discovery, and that resolution of pending motions concerning deposition testimony may affect other deadlines, the court finds it prudent to hold a status conference.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Stay Motion to Compel Entry Upon Land (R. Doc. 146) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Entry Upon Land (R. Doc. 133) is **DENIED.** Plaintiff may re-assert his motion, if necessary and merited, after the identification of an expert in pathology to replace Dr. Riddick.

**IT IS FURTHER ORDERED** that a telephone status conference is hereby set for August 7, 2015, at 2:00 p.m. Counsel for Plaintiff shall initiate the conference call to chambers at 225.389.3602.

Signed in Baton Rouge, Louisiana, on August 3, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**